```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

United States of America,      :

    Plaintiff,            :

  v.                           :    Case No. 2:08-mj-0133

Donald Dailey,                 :    MAGISTRATE JUDGE KEMP

    Defendant.            :

<u>DETENTION ORDER</u>

    The above defendant appeared before the Court for a detention hearing and a preliminary hearing on March 19, 2008. At the conclusion of the hearing, the Court ordered Mr. Dailey detained without bond. This order sets forth in writing the reason for that decision.

    Mr. Dailey was charged in a criminal complaint filed on March 17, 2008, with the possession with intent to distribute of more than 1000 kilograms of marijuana. Based on the testimony of IRS agent Stephen Blunk, the Court found probable cause to believe that Mr. Dailey committed that offense. Agent Blunk described a series of events that occurred during the late evening hours of March 14, 2008, and the early morning hours of the next day, culminating in the seizure of more than a ton of marijuana and more than four million dollars in cash, most of it from Mr. Dailey's Pataskala residence. The marijuana had apparently been delivered there by two other individuals who had been hired to drive a recreational vehicle from Arizona to Ohio with the drugs on board, and who were then given $500,000 in cash as payment. Some of the marijuana had then been distributed to Mr. Dailey's brother Tim, who was also arrested and charged. Mr. Donald Dailey fled his residence just as agents were closing in,

but he did make contact with law enforcement officers shortly thereafter, through his attorney, and provided them with information to assist their search of his property.  He then arranged a self-surrender, which happened on March 17.  The United States relied in large part on the presumption of detention that accompanies a serious drug charge, and which is more fully explained as follows.

  <u>Legal Standard Applicable</u>.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

  The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that

the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

    In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominquez</u>, 783 F.2d

702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, the presumption is fairly strong given the seizure of the marijuana from Mr. Dailey's home and the amount of marijuana involved.  Additionally, agents recovered at least seventy firearms from Mr. Dailey's residence.  Mr. Dailey has a prior felony drug conviction, so he may not legally possess any type of firearm.  It also appeared from the evidence that he was the ringleader of a large-scale organization involved in bringing substantial amounts of marijuana into the central Ohio area.  His lifelong residence in and ties to the central Ohio community were not enough, in the Court's view, to overcome the government's case for detention, and he was consequently detained without bond.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge